Kimberly E. Colwell, Esq. (SBN: 127604)
Jennifer C. Addams, Esq. (SBN: 209355)
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, CA  94607
Telephone: (510) 808-2000
Facsimile:  (510) 444-1108
Email: kcolwell@meyersnave.com

Attorneys for Defendants CITY OF FAIRFIELD,
POLICE CHIEF WILLIAM GRESHAM and
POLICE OFFIER JAUSIAH JACOBSEN

Andrew C. Schwartz
CASPER, MEADOWS & SCHWARTZ
2121 N. California Blvd., Ste. 1020
Walnut Creek, CA  94596
Telephone:  (925) 947-1147
Facsimile:  (925) 947-1131
Email: Schwartz@cmslaw.com

Attorney for Plaintiff BIJON HUGHES

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIJON LEE HUGHES,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF FAIRFIELD, J. JACOBSEN, Badge No. 1200, individually and in his capacity as an Officer of the Fairfield Police department, BILL GRESHAM, individually and in his capacity as Chief of Police for the Fairfield Police Department, and DOES 1 through 50, et al.,<br><br>    Defendants.<br>————————————————————— | ) CASE NO:  05-CV-00223 DFL PAN<br>)<br>)<br>)<br>) **STIPULATED PROTECTIVE ORDER**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Subject to the approval of this Court, the parties hereby stipulate to the following:

Defendants, City of Fairfield, Officer Jausiah Jacobsen, Chief of Police Bill Gresham And Does 1-50, were requested to provide plaintiff with a police report that is to be provided to Plaintiff.

**1.     Documents**

1.     Defendants' counsel is to provide to Plaintiff's attorney as "Confidential Material" a copy of Fairfield Police Department Information Report Number 05-8273.

**B.     Conditions for Document**

a.     Confidential Material shall be used solely in connection with this litigation and the preparation and trial of this case, or any related appellate proceeding, and not for another other purposed, including any other litigation.

b.     Confidential Material may be disclosed only to  the following persons:

(1)  Counsel for any party to this action;

(2)  Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in (1);

(3)  Court personnel including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action:

(4)  Any outside expert or consultant retained in connection with the action, and not otherwise employed by either party;

(5)  Any "in house" expert designated by defendants to testify at trial in this matter:

(6) Witnesses, other than the plaintiff herein, may have the documents disclosed to them during deposition proceedings; the witnesses may not leave the deposition with copies of the documents, and shall be bound by the provisions of the Non Disclosure Agreement.

Nothing in this paragraph (d) is intended to prevent official or employees of the City of Fairfield or other authorized government officials from having access to the documents if they would have had access in the norm al course of their job duties.

c.    Each person to whom disclosure is made, with the exception of counsel who are presumed to know of the contents of this protective order, shall prior to the time of disclosure be provided by the person furnishing him/her such material a copy of this order and the nondisclosure agreement and shall agree on the record or in writing that he/she has read the protective order.  Such person also must consent to be subject to the jurisdiction of the United States District Court for the Eastern District of California with respect to any proceeding relating to enforcement of this order, including without limitation, any proceeding for contempt.  Unless made on the record in this litigation, counsel making the disclosure to any person described above shall retain the original executed copy of said agreement until final termination of this litigation.

d.    At the conclusion of the trial and of any appeal or upon other termination of this litigation, all Confidential Material received under the provision of this order (including any copies made) shall be tendered back to Counsel for the City of Fairfield.  Provisions of this order insofar as they restrict disclosure and use of the material shall be in effect until further order of this court.

e.    The foregoing is without prejudice to the right of any party: (a) to apply to the court for further protective order relating to any Confidential Material or relating to discovery in this litigation: (b) to apply to the court for an order removing the Confidential Material designation from any documents; and c) to apply to the court for an order compelling production of documents or modification of this order or for any order

permitting disclosure of Confidential Material beyond the terms of this

Order.

f.      Nothing in this order shall preclude a party form showing or

disclosing to any person not listed in this order depositions transcripts,

pleading or briefs containing Confidential Material if the document

containing such materials.

**SO STIPULATED:**


DATED: 09/14/2005            ___/s/_____
                            Andrew C. Schwartz, Attorney for Plaintiff


DATED: 09/19/2005            ___/s/ _____
                            Kimberly E. Colwell ,Attorney for Defendants



      The court declines to approve the protective order because no showing is made why
the police report should be maintained in confidence.  Further, paragraph f above contains
clerical mistakes that render the paragraph nonsensical.



DATED: 9/21/2005             _/s/ David F. Levi_____
                            Hon. David F. Levi, U.S. District Judge


782531_1.DOC